(No. 4333—

Inez Opal Smith, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 10, 1951.*

Thomson and Thomson, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

DELANEY, J.

On March 12, 1950, claimant, Inez Opal Smith, while employed as an institutional worker at the Jacksonville State Hospital, Division of Public Welfare, suffered a fracture of the second or middle finger of her right hand near the proximal end of the proximal phalanx, when the lid of a pasteurizer she was washing fell on her finger.

At the time of the accident the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident, and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment. Hospital, medical and surgical care have been furnished by the respondent.

The record consists of the complaint, departmental report and stipulation waiving briefs of both parties.

The claimant was treated by Dr. Lucas and Dr. F. A. Causey, physicians employed by the respondent. On April 2, 1950 Dr. Ellsworth Black, family physician of claimant, was employed to treat the claimant. When the claimant returned to work on May 1, 1950, she had no flexion of the two distal points of the middle or second finger of the right hand. Mrs. Smith claims loss of the third and fourth finger of the right hand, however, Dr. Black testified that there was no anatomical defects of those two fingers, and the Court feels that, as to the third and fourth fingers, it is a hysterical affair and not true paralysis.

From the medical testimony, and a close review of

the record, we are of the opinion that claimant has suffered the loss of use of the entire second or middle finger of her right hand.

The claimant had no children under 18 years of age dependent upon her for support at the time of her injury, and the year preceding the injury she earned the sum of $2,244.00. Claimant's compensation rate would, therefore, be the maximum of $15.00; since the injury occurred subsequent to July 1, 1949, this must be increased 50 per cent, making a compensation rate of $22.50 per week. Claimant is thus entitled to an award of 35 weeks at $22.50 per week or $787.50. In addition thereto, she should receive the sum of $22.50 per week for temporary total disability from March 13, 1950 to and including May 1, 1950, or a total of 7 weeks, or the sum of $157.50. Claimant was paid the sum of $257.33 as salary during her period of temporary disability, or an overpayment for non-productive time of $99.83, which must be deducted from her award, leaving a total award due of $687.67.

An award is, therefore, entered in favor of claimant, Inez Opal Smith, in the amount of $687.67, all of which has accrued and is payable forthwith.

Margaret Eagan was employed to take and transcribe the evidence at a hearing before Commissioner Summers. Charges in the amount of $15.75 were incurred for these services, which charges are fair, reasonable and customary.

An award is, therefore, entered in favor of Margaret Eagan in the amount of $15.75, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''